IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| **Katherine Coombs** | ) | |
| | ) | CASE NO. 17 B 16157 |
| | ) | |
| Debtor/Debtor-in-Possession. | ) | HON. DEBORAH L. THORNE |

## MOTION FOR ENTRY OF FINAL DECREE CLOSING CASE

Pursuant to 11 U.S.C. § 350 and Fed. R. Bankr. P. 3022 and Local Rule 1102, Debtor **Katherine Coombs** hereby requests the entry of a final decree (the "Final Decree") closing the above-captioned case ("Case") except to the extent necessary to maintain jurisdiction as provided for in the Plan and Confirmation Order. In support of the Motion, Debtor **Katherine Coombs** respectfully states as follows:

### Background

1. On May 24, 2017, Debtor Katherine Coombs filed a voluntary Chapter 11 Petition.

2. On May 30, 2018, this Court confirmed Debtor's Fourth Amended Chapter 11 Plan.

3. The Plan provided for a substantial payment to the principal creditor, Andrea Coombs, in the amount of $20,000.00, and a payment of half the amount owed to the unsecured creditors ($2,950.00).

4. The payments called for in the Plan have been made, and Debtor represents that the checks through which the above-referenced payments were made have been negotiated by the respective payees.

5. Debtor submits that the Plan has been substantially consummated within the meaning of 11 U.S.C. § 350. There are no contested matters or adversary proceedings pending and the Debtor's payments to creditors will be complete in ten months. The only payments that will then be due are approximately $1900.00 monthly to Andrea Coombs. The payments to Andrea Coombs are secured by a Second Mortgage on Debtor's residence.

### Relief Requested

6. By this Motion, Katherine Coombs requests that this Court enter a Final Decree closing the case.

### Applicable Authority

7. Section 350(a) of the Bankruptcy Code provides that after an estate is fully administered "the court shall close the case". 11 U.S.C. § 350(a).

8. The Bankruptcy Code does not define "fully administered". However, this Court has employed the following factors when determining whether a Chapter 11 case has been fully administered: (1) whether the order confirming the Plan has become final; (2) whether deposits required by the Plan have been distributed; (3) whether the property proposed by the Plan to be transferred has been transferred; (4) whether the debtor or the successor of the debtor under the Plan has assumed the business or the management of the property dealt with by the Plan; (5) whether payments under the Plan have commenced; and (6) whether all motions, contested matters and adversary proceedings have been fully resolved. *In re Mold Makers, Inc.*, 124 B.R. 766, 768 (Bankr. N.D. Ill. 1990).

9. In this Case, each of the (applicable) factors is satisfied.

10. Not less than seven-day notice of the Motion has been provided to the Office of the United States Trustee and those parties on the CM/ECF service list. Katherine Coombs requests that notice be found sufficient and that any further notice be waived.

WHEREFORE, **Katherine Coombs** requests that this Court enter an order: (i) granting the Motion; (ii) excusing any further notice of the Motion, (iii) providing for the entry of a Final Decree closing the above-captioned case subject to this Court's retention of jurisdiction pursuant to the terms of the Plan and Confirmation Order; and (iv) granting such other and further relief as the Court deems just and proper.

Respectfully submitted,
**Katherine Coombs, Debtor**

By: */s/ Richard D. Grossman*
Richard D. Grossman
Attorney for Debtor

Richard D. Grossman
**Law Offices of Richard D. Grossman**
211 West Wacker Drive, #710
Chicago, IL 60606
(312) 750-9308
Attorney No. 1072641
rgat135@gmail.com